COURT OF APPEALS OF VIRGINIA

**PUBLISHED**

Present:    Judges Petty, Beales and O'Brien
Argued at Lexington, Virginia

DAMIEN CAMERON SPENCER

                                                              OPINION BY
v.          Record No. 0525-17-3                    JUDGE MARY GRACE O'BRIEN
                                                              NOVEMBER 14, 2017
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF WYTHE COUNTY
Josiah T. Showalter, Jr., Judge

Michael J. Sobey (The Sobey Law Firm, P.C., on brief), for appellant.

Elizabeth Kiernan Fitzgerald, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

Damien Cameron Spencer ("appellant") entered *nolo contendere* pleas to four felony

charges:  procuring a minor for obscene material by communications system, in violation of Code

§ 18.2-374.1; electronically transmitting child pornography, in violation of Code § 18.2-374.1:1;

possessing child pornography, in violation of Code § 18.2-374.1:1; and soliciting a minor for child

pornography, in violation of Code § 18.2-374.1.  Appellant contends that the court erred in denying

his motion to withdraw his pleas.  For the reasons below, we affirm appellant's convictions.

BACKGROUND

A grand jury indicted appellant based on several nude photographs of a sixteen-year-old girl

found on his cell phone pursuant to a search warrant.  At trial, appellant waived formal arraignment

and entered pleas of *nolo contendere* ("no contest") to each of the charges.  Following a plea

colloquy, the court accepted the pleas, finding they were made freely, voluntarily, and intelligently.

The Commonwealth made a proffer of the evidence, including appellant's admission that he had

taken "screen shot[s]" of the photographs and saved them to his phone. Appellant agreed that the Commonwealth's proffer was accurate, and the court found him guilty of the offenses.

Prior to sentencing, appellant obtained new counsel and filed a motion to withdraw his pleas. At a hearing on the motion, appellant's counsel explained that appellant sought to withdraw his pleas because evidence obtained from the search warrant should have been suppressed. He further stated, "I think [appellant] was not advised" about the potential motion to suppress prior to entering his pleas. Counsel contended that evidence from the search warrant should have been suppressed because the phone number listed on the warrant was "for a different phone[,] not [appellant's]." Despite the fact that his prior counsel was present in the courtroom, appellant offered no evidence or testimony at the hearing.

The court denied the motion and found that prior defense counsel's failure to file a suppression motion was a matter of "trial strategy." The court also held that the plea colloquy established that appellant understood the nature and consequences of his pleas.

## ANALYSIS

We review a court's decision to deny a motion to withdraw a plea of guilty or *nolo contendere* under an abuse of discretion standard. Pritchett v. Commonwealth, 61 Va. App. 777, 785, 739 S.E.2d 922, 926 (2013). The decision whether to allow a defendant to withdraw his plea "rests within the sound discretion of the trial court and is to be determined by the facts and circumstances of each case." Parris v. Commonwealth, 189 Va. 321, 324, 52 S.E.2d 872, 873 (1949). The court's ruling will be reversed "only upon 'clear evidence that [the decision] was not judicially sound.'" Jefferson v. Commonwealth, 27 Va. App. 477, 488, 500 S.E.2d 219, 225 (1998) (quoting Nat'l Linen Serv. v. Parker, 21 Va. App. 8, 19, 461 S.E.2d 404, 410 (1995)).

Code § 19.2-296 provides:

> A motion to withdraw a plea of guilty or *nolo contendere* may be
> made only before sentence is imposed or imposition of a sentence is

suspended; but to correct manifest injustice, the court within twenty-one days after entry of a final order may set aside the judgment of conviction and permit the defendant to withdraw his plea.

"Code § 19.2-296 treats pleas of guilty and *nolo contendere* alike in the context of a motion to withdraw." Jefferson, 27 Va. App. at 485, 500 S.E.2d at 223.

Although Code § 19.2-296 does not address the legal standard for withdrawal of a guilty plea before sentencing, the Supreme Court has stated:

Leave should ordinarily be given to withdraw a plea of guilty if it was entered by mistake or under a misconception of the nature of the charge; through a misunderstanding as to its effect . . . or even where it was entered inadvisedly, if any reasonable ground is offered for going to the jury.

Justus v. Commonwealth, 274 Va. 143, 153, 645 S.E.2d 284, 288 (2007) (quoting Parris, 189 Va. at 325, 52 S.E.2d at 874). However, a court "is not required to automatically grant any request to withdraw a plea when the request is made prior to sentencing." Coleman v. Commonwealth, 51 Va. App. 284, 288-89, 657 S.E.2d 164, 166 (2008).

In a pre-sentencing motion to withdraw a guilty plea, a defendant has the burden of establishing that his motion is made in good faith. See Ramsey v. Commonwealth, 65 Va. App. 593, 600, 779 S.E.2d 241, 245 (2015). The defendant also must proffer evidence of a reasonable basis for contesting guilt. Id.[1] To establish this basis, the defendant must offer a defense that is "substantive" and "reasonable," not "merely dilatory or formal." Justus, 274 Va. at 155-56, 645 S.E.2d at 289-90. A reasonable defense sufficient to withdraw a guilty plea is "one based upon a

---

[1] Additionally, we have held that a court may consider whether the Commonwealth would be prejudiced by granting a motion to withdraw a guilty plea. See Pritchett, 61 Va. App. at 787, 739 S.E.2d at 927. The Commonwealth concedes that prejudice is not an issue here "[b]ecause there was no plea agreement in this case, nor a suggestion that the victim or Commonwealth's witnesses would be unavailable for trial." Therefore, we do not address this factor.

proposition of law . . . or one supported by credible testimony, supported by affidavit." Williams v. Commonwealth, 59 Va. App. 238, 249, 717 S.E.2d 837, 842 (2011).

Appellant contends that he has a reasonable defense to the charges because the search of his cell phone occurred without a valid search warrant, and therefore, any evidence obtained from it should have been suppressed. He relies upon Hernandez v. Commonwealth, 67 Va. App. 67, 793 S.E.2d 7 (2016), in support of his argument that the court erred by not allowing him to withdraw his pleas.

In Hernandez, the defendant moved to withdraw his guilty plea. Id. at 72, 793 S.E.2d at 10. Defense counsel conceded to the trial court that on "multiple occasions" she had misadvised her client about the possibility of an insanity defense. Id. at 77, 793 S.E.2d at 13. The court heard testimony about the defendant's sanity from two competing expert witnesses, made a credibility determination, and denied the motion. Id. at 74-75, 793 S.E.2d at 11. This Court reversed, stating:

> In a motion to withdraw a guilty plea, it is not the trial court's role to evaluate credibility of witnesses, nor to determine whether the proffered defense will be successful. The role of the trial court is to determine whether the defendant has made a *prima facie* showing of a reasonable defense.

Id. at 79, 793 S.E.2d at 13.

Here, unlike Hernandez, neither appellant nor his prior counsel ever testified that appellant was unaware of a potential motion to suppress. Appellant's counsel merely commented during the hearing, "I think [appellant] was not advised regarding the Motion to Suppress." However, this statement was unsupported by any facts or testimony, although appellant's previous counsel was sitting in the courtroom, available to testify.

More significantly, appellant did not introduce the search warrant or present any evidence challenging its validity. Although "[t]he issue is not whether a court thinks a jury or other factfinder would necessarily accept the defense," Hubbard v. Commonwealth, 60 Va. App. 200, 210, 725

- 4 -

S.E.2d 163, 167-68 (2012), a defendant still has the initial burden of presenting evidence in support of his contention. See Coleman, 51 Va. App. at 293, 657 S.E.2d at 168 (affirming denial of a motion to withdraw a guilty plea where defendant "presented no affidavits, alibi witnesses, or even any explanation of his 'mistaken identity' defense"); Edmonds v. Commonwealth, 292 Va. 301, 307, 787 S.E.2d 860, 863 (2016) (finding the appellant failed to prove a reasonable defense when the record was "devoid of a sufficient proffer of evidence that there was the threat of imminent danger").

To meet the burden of introducing *prima facie* evidence of a reasonable defense, a defendant is required to "proffer[] . . . sufficient facts to support the asserted defense, such that it is reasonable to present it to the judge or jury trying the case." Hernandez, 67 Va. App. at 79, 793 S.E.2d at 14. Appellant's unsubstantiated contention that the search warrant was "for a different phone" does not constitute *prima facie* evidence. Appellant failed to introduce the search warrant, along with phone records, direct testimony, or an affidavit reflecting his phone number. His bare assertion that the search warrant was defective is insufficient to satisfy appellant's burden.

In denying appellant's motion, the court found that prior counsel's failure to file a suppression motion was "trial strategy" and noted that appellant answered the questions in the plea colloquy affirmatively. Appellant asserts that the court erred by relying on the plea colloquy. See Justus, 274 Va. at 151-52, 155-56, 645 S.E.2d at 287, 290 (finding that a trial court erred by disregarding affidavits providing an evidentiary basis for a defense and relying instead, on a plea colloquy in denying motion to withdraw plea).

"An appellate court's authority to affirm a trial court's judgment on grounds other than those relied upon by the trial court is widely accepted." Hawkins v. Commonwealth, 65 Va. App. 101, 118 n.11, 774 S.E.2d 492, 501 n.11 (2015) (Petty, J., concurring).

> On appeal, we may affirm on grounds different from those on which
> the trial court based its decision so long as the issue was addressed at

> trial, evidence exists in the record to support those alternate grounds, the trial judge's decision does not reject those grounds, and no further factual resolution is necessary to support the decision.

Debroux v. Commonwealth, 32 Va. App. 364, 371-72, 528 S.E.2d 151, 155 (2000).

Here, the record demonstrates that appellant failed to offer affirmative evidence of any reasonable defense to his charges. Because appellant did not meet this burden, we affirm the court's denial of his motion to withdraw the *nolo contendere* pleas and uphold appellant's convictions.

Affirmed.