COURT OF APPEALS OF VIRGINIA

Present:  Judges Beales, O'Brien and Senior Judge Annunziata
Argued at Alexandria, Virginia

UNPUBLISHED

RAYMOND LAMAR WASHINGTON

v.      Record No. 0083-18-4

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE MARY GRACE O'BRIEN
APRIL 23, 2019

FROM THE CIRCUIT COURT OF SHENANDOAH COUNTY
Dennis Lee Hupp, Judge

W. Andrew Harding (Convy & Harding, PLC, on brief), for
appellant.

Katherine Quinlan Adelfio, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

Raymond Lamar Washington ("appellant") pled guilty to and was convicted of six felonies

and three misdemeanors.  He contends that the court erred by denying his motion to withdraw his

guilty pleas prior to sentencing when he "sought to pursue a defense of not guilty by reason of

insanity."  Finding no error, we affirm appellant's convictions.

BACKGROUND

Appellant and two co-defendants entered a diner on January 6, 2017 and attempted to rob an

employee.  Appellant, armed with a pistol and concealing his face, forced the employee to walk to a

room where the money was kept.  The room was locked, however, and despite kicking at the door,

appellant was unable to gain entry.  He and his co-defendants left without obtaining any money.

The police apprehended appellant during a traffic stop the next night.  Initially, appellant

eluded the police by speeding 80 miles per hour in a 25 miles-per-hour zone and then fleeing on

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

foot.  He was subsequently arrested and charged with the following offenses:  attempted robbery, in violation of Code §§ 18.2-26 and -58; conspiracy to commit robbery, in violation of Code §§ 18.2-22 and -58; use of a firearm while committing or attempting to commit a felony, in violation of Code § 18.2-53.1; wearing a mask in public to conceal his identity, in violation of Code § 18.2-422; possession of a firearm as a convicted felon, in violation of Code § 18.2-308.2; eluding police, in violation of Code § 46.2-817(B); two counts of reckless driving, in violation of Code § 46.2-852 and -862; and driving on a suspended license, in violation of Code § 46.2-301.

At the time of his arrest, appellant was on bond awaiting sentencing on multiple felony charges and serving a three-year term of supervised probation.  His criminal history also included convictions for burglary and grand larceny from 2009.

On April 12, 2017, appellant pled guilty to and was convicted of felony eluding, driving on a suspended license, and two counts of reckless driving.  The cases were continued to June 9, 2017 for sentencing, and the remaining five felonies were set for trial on the same date.

On June 7, 2017, appellant pled guilty to the five felonies set for trial.[1]  The court conducted a plea colloquy, and appellant affirmed under oath that he understood the charges, had discussed possible defenses with his lawyer, and was "entirely satisfied with the services of [his] attorney." Appellant stated that he was pleading guilty because he was "in fact guilty of each of [the] offenses."  The Commonwealth presented a proffer of the evidence to support the pleas, and the court accepted the proffer.

The court found that appellant pled guilty "freely and voluntarily and also knowingly and intelligently and with advice of counsel, with the full understanding of the consequences of th[ese]

---

[1] The final sentencing order erroneously reflects that appellant was found guilty of two counts of robbery.  However, the record reflects that appellant pled guilty to and was convicted of one count of attempted robbery and one count of conspiracy to commit robbery.  Accordingly, we remand this case to the trial court for the sole purpose of amending the final order to reflect that appellant was found guilty of attempted robbery and conspiracy to commit robbery.

plea[s]." After finding appellant guilty, the court ordered a presentence investigation and set all matters for sentencing on August 30, 2017.

The sentencing hearing was continued twice at appellant's request. On October 18, 2017, appellant filed a one-sentence motion "ask[ing] th[e c]ourt to allow him to withdraw his pleas of guilty in the above-captioned cases, pursuant to [Code §] 19.2-296." The same day, appellant made oral requests in court for a mental health evaluation and a change of venue. The court ordered appellant to file a detailed motion in support of his requests. In the motion, filed on November 21, appellant moved to withdraw all nine guilty pleas "so that there can be a motion to allow a psychiatric evaluation regarding sanity at the time of the offense." He argued that his motion was "made in good faith due to recently learned information." It stated:

> [Appellant] disclosed in the Pre-Sentence Report that he had grown up in foster care. This led to a motion to continue the sentencing hearing so that counsel for [appellant] could secure potentially mitigating records from the Roanoke City Department of Social Services. These records make clear that [appellant] as a juvenile had (and likely continues to have) psychological and psychiatric issues, which led to a conversation between counsel and [appellant] regarding his mental health status.

At a December 6, 2017 hearing on the motion, appellant's counsel argued that he "became aware of some psychiatric issues in [appellant's] history and some serious difficulties in his childhood" and wanted to "explor[e] a possible not guilty [by reason of] insanity defense." Although counsel also orally requested "an evaluation," he did not file a written motion. He also did not present any evidence in support of the motion to withdraw appellant's guilty pleas.[2]

---

[2] Although appellant introduced an exhibit at sentencing, Rule 5A:18 precludes us from considering it because the document was not before the court when it ruled on the motion to withdraw the guilty pleas. See Rule 5A:18 (requiring a party to obtain a ruling from the trial court to preserve an issue for appeal). "[W]e will not consider an argument on appeal that was not presented to the trial court." Schwartz v. Commonwealth, 41 Va. App. 61, 71 (2003). See also Creamer v. Commonwealth, 64 Va. App. 185, 195-96 (2015) (noting that Rule 5A:18 requires a party to contemporaneously make clear the basis on which he contends the proffered evidence should be admitted in order to preserve an issue for appeal).

The court denied appellant's motion. In reaching that decision, the court reviewed appellant's answers during the plea colloquy, noted appellant's criminal record and the facts of the crime, and commented that under all of those circumstances, an insanity defense was not "realistic" but "a fantasy."

After reviewing the presentence investigation report, the court acknowledged appellant's "horrible childhood" but imposed a sentence of incarceration based on his prior criminal history and the fact that appellant committed the crimes while on supervised probation and on bond awaiting sentencing for multiple felonies.

ANALYSIS

We review a court's decision whether to allow a defendant to withdraw a guilty plea for an abuse of discretion and will "reverse only upon 'clear evidence that [the ruling] was not judicially sound.'" Coleman v. Commonwealth, 51 Va. App. 284, 289 (2008) (quoting Jefferson v. Commonwealth, 27 Va. App. 477, 488 (1998)). "An abuse of discretion occurs only when 'reasonable jurists' could not disagree as to the proper decision." Thomas v. Commonwealth, 62 Va. App. 104, 111 (2013) (quoting Brandau v. Brandau, 52 Va. App. 632, 641 (2008)).

Code § 19.2-296 provides, in relevant part, that "[a] motion to withdraw a plea of guilty or *nolo contendere* may be made only before sentence is imposed or imposition of a sentence is suspended." The statute does not specify a standard for granting a motion to withdraw. However, the Supreme Court has stated that a motion to withdraw a guilty plea should be granted "if it appears from the surrounding circumstances that the plea of guilty was submitted in good faith under an honest mistake of material fact or facts, or if it was induced by fraud, coercion or undue influence and would not otherwise have been made" so long as "'any reasonable ground is offered for going to the jury.'" Parris v. Commonwealth, 189 Va. 321, 324-25 (1949) (quoting 14 Am. Jur. Criminal Law § 287 (1938)). See also Justus v. Commonwealth, 274 Va. 143, 152-54 (2007).

The standard articulated in Parris has two requirements. First, "a defendant has the burden of establishing that his motion is made in good faith." Spencer v. Commonwealth, 68 Va. App. 183, 187 (2017). Second, the defendant "must *proffer evidence* of a reasonable basis for contesting guilt." Id. (emphasis added). The proffered defense must be "'substantive' and 'reasonable,' not 'merely dilatory or formal.'" Id. (quoting Justus, 274 Va. at 155-56). See also Ramsey v. Commonwealth, 65 Va. App. 593, 600-02 (2014).

> The first requirement protects the integrity of the judicial process by precluding defendants from using a guilty plea as a subterfuge to manipulate the court. The second requirement defeats motions to withdraw which would result in an essentially futile trial.

Cobbins v. Commonwealth, 53 Va. App. 28, 34 (2008).

Here, the court implicitly concluded that appellant's motion to withdraw his guilty plea was not made in good faith. The court referenced the extensive plea colloquy, including appellant's assertion that he was satisfied with his counsel, and appellant's familiarity with the criminal justice system as evidenced by his long criminal record. Further, there was no indication in the record that appellant was unaware of his prior mental health issues or entered his plea under any "honest mistake of material fact." Parris, 189 Va. at 324. The court's determination is a factual finding, and we do not find it was plainly wrong or without evidence to support it. See Branch v. Commonwealth, 60 Va. App. 540, 547-58 (2012) ("A trial court's finding on the issue of 'good faith' is a finding of fact." (quoting Johnston v. First Union Nat'l Bank, 271 Va. 239, 248 (2006))).

Moreover, appellant did not present evidence of a reasonable defense. His argument to the court was based on an assertion that "as a juvenile [he] had (and likely continues to have) psychological and psychiatric issues," and a mental health evaluation was necessary to explore the possibility of an insanity defense. However, he did not present any evidence in support of his motion to withdraw his guilty pleas. The unsubstantiated assertion that an insanity defense is "possible" does not rise to *prima facie* evidence that appellant was legally insane at the time of the

incident in June 2017.  See Spencer, 68 Va. App. at 187 (affirming the denial of a motion to withdraw pleas of *nolo contendere* where defendant proffered no evidence of a reasonable defense that a search warrant was invalid).

"A reasonable defense sufficient to withdraw a guilty plea is 'one based upon a proposition of law . . . or one supported by credible testimony, supported by affidavit.'"  Id. at 188 (quoting Williams v. Commonwealth, 59 Va. App. 238, 249 (2011)).  Appellant argues he was not required to proffer evidence of an insanity defense because it is based on a "proposition of law" rather than a challenge to the facts.  However, the nature of appellant's claimed defense does not remove his burden to make an affirmative showing of evidence that could allow a jury to find him not guilty.  Cf. Justus, 274 Va. at 150 (allowing withdrawal of guilty plea to charge of breaking and entering based on affidavits that defendant resided in victim's home and "could not legally have been guilty of that offense").  Therefore, a defendant moving to withdraw a guilty plea and assert an insanity defense must do more than speculate as to what evidence might support that defense.  Appellant proffered no evidence in support of his motion, just bare statements of past mental health issues and a desire to explore the possibility of an insanity defense.

Appellant contends that the court erred by evaluating the likelihood that his insanity defense would be successful.  In support of this argument, he relies on Hernandez v. Commonwealth, 67 Va. App. 67 (2016).  However, in Hernandez, we reversed a denial of a motion to withdraw a guilty plea where a court heard testimony about defendant's sanity from two competing expert witnesses, made credibility determinations, and concluded the defendant would not prevail at trial.  Id. at 74-75, 79-80.  We stated that "the trial court's inquiry should have been whether appellant proffered a valid defense recognized by the law, not the likely effectiveness of the defense."  Id. at 80.

Unlike in Hernandez, the court's denial of appellant's motion was not based on an evaluation of substantive evidence, but instead was based on appellant's failure to make a proffer.

- 6 -

The court agreed to continue appellant's sentencing procedure from August 30, 2017 so that appellant could obtain records from the Department of Social Services regarding his childhood in foster care and possible mental health issues. Appellant filed a motion to withdraw his guilty pleas on October 18, 2017 and a supporting memorandum on November 21, 2017, and the hearing occurred on December 6, 2017. At the hearing on his motion, however, he did not introduce any records or testimony regarding the facts of his childhood or mental health, but merely sought to explore the possibility of an insanity defense. Based on the record before us, we conclude that the court did not err in finding that appellant failed to meet his burden of establishing a reasonable defense.

CONCLUSION

The court did not err in finding that appellant failed to establish a good faith basis for withdrawing his guilty pleas or proffer evidence of a reasonable basis for contesting guilt. Accordingly, the court did not abuse its discretion in denying appellant's motion to withdraw his guilty pleas, and we affirm appellant's convictions.

<u>Affirmed and remanded.</u>