COURT OF APPEALS OF VIRGINIA

Present: Judges Huff, Fulton and White
Argued by videoconference

DESTIN DOMINIQUE MOORE

v.     Record No. 0669-22-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE JUNIUS P. FULTON, III
MARCH 14, 2023

FROM THE CIRCUIT COURT OF GLOUCESTER COUNTY
Jeffrey W. Shaw, Judge

Jonathan P. Sheldon (Sheldon & Flood, PLC, on brief), for
appellant.

Matthew J. Beyrau, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Pursuant to a written plea agreement, the Circuit Court of Gloucester County convicted

Destin Dominique Moore of second-degree murder and sentenced him to twenty-two years of active

incarceration. On appeal, Moore argues that the trial court erred in denying his motion to withdraw

his guilty plea. For the following reasons, we affirm the trial court's judgment.

BACKGROUND

On appeal, we recite the facts "in the 'light most favorable' to the Commonwealth, the

prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022)

(quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires us to "discard the

evidence of the accused in conflict with that of the Commonwealth, and regard as true all the

---

* This opinion is not designated for publication. *See* Code § 17.1-413.

credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

Moore and two co-defendants, Amier Wynn and Collins Turner, were charged with the attempted robbery and murder of Hezekiah Fauntleroy, Jr. After Wynn and Turner entered into "cooperation agreements" with the Commonwealth, Moore pleaded guilty to second-degree murder pursuant to a written plea agreement, admitting that he was in fact guilty. In exchange for his plea, the Commonwealth moved to *nolle prosequi* Moore's remaining charges.

Before accepting Moore's guilty plea, the trial court conducted a thorough colloquy to ensure the plea was given freely, intelligently, and voluntarily. Moore confirmed that he had discussed the charge, its elements, and any possible defenses with his attorney. After that discussion, Moore decided to plead guilty because he was "in fact guilty." Moore understood that by pleading guilty he waived certain constitutional rights, including the rights to a trial by jury, to remain silent, and to confront and cross-examine the witnesses against him. He confirmed that he had not been forced or threatened to plead guilty and, other than what was contained in the plea agreement, had received no promises in exchange for his guilty plea. Moore represented that he was satisfied with the services provided by his attorney. At the conclusion of the colloquy, the trial court found that Moore's plea was made freely, intelligently, and voluntarily.

After the court accepted Moore's guilty plea, the Commonwealth made a proffer of its evidence against Moore. The Commonwealth proffered that on May 15, 2020, Moore, Turner, Wynn, and Jennifer Zuckerman conspired to rob Fauntleroy at gunpoint, under the pretext of selling him marijuana. After Moore arranged the meeting with Fauntleroy, Zuckerman drove the group to meet him at an apartment complex. Once there, Wynn exited the vehicle and Fauntleroy sat in Wynn's seat to discuss the transaction. Moore, Wynn, and Turner all brandished firearms and demanded Fauntleroy's money. Fauntleroy refused, pushed Moore's gun away, exited the vehicle,

- 2 -

and made his way toward his own vehicle. Wynn again demanded Fauntleroy's money and then shot Fauntleroy numerous times at close range, causing his death. Moore, Wynn, Turner, and Zuckerman then fled the scene, running over Fauntleroy's body as they drove away.

Moore agreed that the proffer of evidence was sufficient to sustain a conviction. Based on Moore's plea and the Commonwealth's proffer, the trial court convicted him of second-degree murder and continued the matter for sentencing. On September 29, 2021, Moore moved to withdraw his guilty plea, arguing that he had a good faith defense to the charges. Moore disputed his co-defendants' assertion of an agreement to rob the victim and argued that the co-defendants' statements did not match each other and had changed over time. Nevertheless, Moore subsequently withdrew his motion to withdraw his plea.

After withdrawing his motion, Moore, though still represented by counsel, filed a *pro se* letter again asking to withdraw his plea. The trial court struck Moore's "pleading" from the record as it was not signed by him or counsel. Moore then properly filed another motion to withdraw his guilty plea through counsel.

In that motion to withdraw his plea, Moore contested the facts presented by the Commonwealth that established his guilt as a principal in the second degree. Moore also argued that his prior counsel did not properly explain "that presence or awareness of a crime is insufficient to constitute guilt under the doctrine of principle [sic] in second degree" and that prior counsel told him "[t]hat he cannot win this case." Moore also asserted that the Commonwealth would not be substantially prejudiced by the withdrawal because the Commonwealth's ability to locate the witnesses was "no more difficult now that it would have been a few months ago." The Commonwealth countered that Moore did not file the motion in good faith and it would suffer prejudice if the motion were granted. Specifically, the Commonwealth argued that it no longer had

- 3 -

leverage over Moore's co-defendants because they pleaded guilty after Moore withdrew his first motion to withdraw his plea.

The trial court found that Moore failed to offer sufficient evidence of a good faith basis to withdraw the guilty plea or a good faith basis to contest guilt. The trial court also found that the Commonwealth would suffer prejudice if the court allowed the withdrawal because it "lost the benefit of two cooperating codefendants who have since pled guilty pursuant to plea agreements and been sentenced." After further evidence and argument by counsel, the trial court sentenced Moore to twenty-two years' incarceration, with no time suspended. Moore appeals.

ANALYSIS

Moore argues that the trial court erred by denying his motion to withdraw his guilty plea. Moore asserts that he had a good faith basis to withdraw his guilty plea because he was not aware of the plan to shoot the victim, made no overt act to support that plan, and was not aware that this was a required element of his charge. In addition, he contends that his co-defendants' statements "contradicted each other." Moore also argues that the Commonwealth would not experience substantial prejudice by the withdrawal because it does not need leverage over Moore's co-defendants, who could be compelled to testify truthfully under threat of perjury.

"The decision whether to allow a defendant to withdraw his plea 'rests within the sound discretion of the trial court and is to be determined by the facts and circumstances of each case.'" *Spencer v. Commonwealth*, 68 Va. App. 183, 186 (2017) (quoting *Parris v. Commonwealth*, 189 Va. 321, 324 (1949)). The trial court's ruling should be reversed "only upon 'clear evidence that [the decision] was not judicially sound.'" *Id.* (alteration in original) (quoting *Jefferson v. Commonwealth*, 27 Va. App. 477, 488 (1998)). That standard of review presupposes "that, for some decisions, conscientious jurists could reach different conclusions based on exactly the same

facts—yet still remain entirely reasonable." *Thomas v. Commonwealth*, 62 Va. App. 104, 111 (2013) (quoting *Hamad v. Hamad*, 61 Va. App. 593, 607 (2013)).

Motions to withdraw a guilty plea are governed by two separate standards depending on when the motion is made. "A motion to withdraw a guilty plea made after sentencing is governed by the 'manifest injustice' standard." *Brown v. Commonwealth*, 297 Va. 295, 300 (2019) (emphasis omitted). In contrast, motions made before a defendant is sentenced should be granted if the plea was entered "by mistake or under a misconception of the nature of the charge; through a misunderstanding as to its effect; through fear, fraud, or official misrepresentation; was made involuntarily for any reason; or even where it was entered inadvisedly, if any reasonable ground is offered for going to the jury." *Pritchett v. Commonwealth*, 61 Va. App. 777, 786 (2013) (quoting *Parris*, 189 Va. at 325).

To satisfy the "more forgiving" pre-sentence standard, Moore was required to establish two requirements. *Brown*, 297 Va. at 299. First, he had "the burden of establishing that his motion is made in good faith." *Spencer*, 68 Va. App. at 187 (citing *Ramsey v. Commonwealth*, 65 Va. App. 593, 600 (2015)). "[B]oth the guilty plea and the motion to withdraw the . . . plea must be made in good faith." *Pritchett*, 61 Va. App. at 787 (emphasis omitted). Second, Moore was required to "proffer evidence of a reasonable basis for contesting guilt." *Spencer*, 68 Va. App. at 187. The proffered defense must be "'substantive' and 'reasonable,' not 'merely dilatory or formal.'" *Id.* at 188 (quoting *Justus v. Commonwealth*, 274 Va. 143, 155-56 (2007)); *see also Ramsey*, 65 Va. App. at 600. "The first requirement protects the integrity of the judicial process by precluding defendants from using a guilty plea as a subterfuge to manipulate the court. The second requirement defeats motions to withdraw which would result in an essentially futile trial." *Cobbins v. Commonwealth*, 53 Va. App. 28, 34 (2008). The trial court also must

consider whether the Commonwealth would be prejudiced by granting the motion. *Pritchett*, 61 Va. App. at 787; *Hubbard v. Commonwealth*, 60 Va. App. 200, 211 n.4 (2012).

Because Moore failed to present any substantive evidence of a reasonable basis for contesting his guilt, we need not consider Moore's arguments that his motion was made in good faith and the Commonwealth would not be prejudiced. "To meet the burden of introducing *prima facie* evidence of a reasonable defense, a defendant is required to 'proffer[] . . . sufficient facts to support the asserted defense, such that it is reasonable to present it to the judge or jury trying the case.'" *Spencer*, 68 Va. App. at 189 (alterations in original) (quoting *Hernandez v. Commonwealth*, 67 Va. App. 67, 79 (2016)). Bare assertions that a defendant has a defense are not sufficient, and a trial court's "discretion [to grant the motion] will rarely, if ever, be exercised in aid of an attempt to rely upon a merely dilatory or formal defense." *Parris*, 189 Va. at 324-25. Instead, "[a] reasonable defense sufficient to withdraw a guilty plea is 'one based upon a proposition of law . . . or one supported by credible testimony, supported by affidavit.'" *Spencer*, 68 Va. App. at 188 (second alteration in original) (quoting *Williams v. Commonwealth*, 59 Va. App. 238, 249 (2011)). Indeed, the defense must be "sustained by proofs." *Williams*, 59 Va. App. at 249 (quoting *Justus*, 274 Va. at 153). Accordingly, we have held that "a bare challenge to the credibility of a victim or witness" is not a reasonable defense that would "permit the withdrawal of a plea of guilty." *Thomason v. Commonwealth*, 69 Va. App. 89, 96 (2018) (quoting *Williams*, 59 Va. App. at 249). Indeed, "potential impeachment of witness testimony" is not a reasonable defense even when "newly discovered impeachment evidence is potentially exculpatory" under *Brady v. Maryland*, 373 U.S. 83 (1963),[1] because whether evidence is

---

[1] There is no allegation in this case that the Commonwealth failed to comply with its obligation to disclose exculpatory evidence under *Brady*.

exculpatory "is not the proper standard for setting aside a guilty plea." *Thomason*, 69 Va. App. at 96.

Here, Moore failed to provide a reasonable basis for contesting his guilt. At best, he points to evidence, his own version of events, that contradicts the statements of other witnesses and argues that various witnesses' statements contradict each other. Moore, however, failed to proffer sufficient facts to support his claim or any evidence at all during the hearing on his motion to withdraw his plea. Instead, his alleged defense was limited to conclusory assertions made on brief and during argument that he made no overt act sufficient to render him liable as a principal in the second degree. *Coleman v. Commonwealth*, 51 Va. App. 284, 293 (2008) (affirming denial of motion to withdraw guilty plea when defendant "presented no affidavits, alibi witnesses, or even any explanation of his 'mistaken identity' defense"). To be sure, Moore's alleged defense amounts to an unsupported credibility challenge and is not a reasonable defense, sustained by proofs, sufficient to justify withdrawing his guilty plea. *See Booker v. Commonwealth*, 61 Va. App. 323, 335 (2012) (holding that a defendant had not established a reasonable basis for contesting guilt when he "did not proffer any defense beyond simply making the prosecution prove its case"). Accordingly, the trial court did not abuse its discretion in denying Moore's motion to withdraw his guilty plea.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed*.