COURT OF APPEALS OF VIRGINIA

Present: Judges Huff, O'Brien and Athey
Argued at Norfolk, Virginia


TAEJON LAMONT DAVIS

MEMORANDUM OPINION[*] BY
v.      Record No. 1109-23-1      JUDGE MARY GRACE O'BRIEN
JULY 23, 2024

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Robert G. MacDonald, Judge[1]

(Diallo K. Morris; Morris, Crawford & Currin, P.C., on brief), for
appellant. Appellant submitting on brief.

David A. Mick, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Taejon Lamont Davis (appellant) pleaded guilty to second-degree murder, use of a firearm

in the commission of a felony and shooting from a vehicle. He contends that the trial court erred by

denying his motion to withdraw his guilty plea.[2] For the following reasons, we affirm.

_____

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Judge Randall D. Smith accepted appellant's plea, and Judge Marjorie A. Taylor
Arrington denied appellant's motion to withdraw his plea.

[2] Appellant entered his pleas under *North Carolina v. Alford*, 400 U.S. 25 (1970).
Nevertheless, the plea agreement, as well as the conviction and sentencing orders, state that he
entered guilty pleas. Under *Alford,* criminal defendants who wish "to avoid the consequences of
a trial" may "plead guilty by conceding that the evidence is sufficient to convict them, while
maintaining that they did not participate in the acts constituting the crimes." *Carroll v.
Commonwealth*, 280 Va. 641, 645 (2010) (quoting *Parson v. Carroll*, 272 Va. 560, 565 (2006)).
We analyze a motion to withdraw an *Alford* guilty plea in the same manner as a motion to
withdraw a guilty plea that includes an admission of guilt. *See Zigta v. Commonwealth*, 38
Va. App. 149, 153 (2002).

BACKGROUND

In February 2019, appellant executed a plea agreement in which he agreed to plead guilty to second-degree murder, use of a firearm in the commission of a felony, and discharging of a firearm from an occupied vehicle. In exchange, the Commonwealth reduced the original first-degree murder charge to second-degree murder, and nolle prossed several felony charges. In connection with the plea agreement, appellant signed a written stipulation of facts with the following evidence that the Commonwealth would have presented at trial.

On January 15, 2017, Corenzo Blakely, a known associate of "CREAM" gang member Devonta Palmer, was killed in a drive-by shooting on Berkeley Avenue, in the City of Chesapeake. The shots were fired from a silver Honda.

During the murder investigation, the police collected three casings from the scene and reviewed surveillance footage from nearby businesses. Footage from a nearby gas station showed appellant engaged in a "heated discussion" with the occupant of a white vehicle shortly before Blakely's shooting. The driver of the white vehicle was Blakely's associate, Palmer. During the argument, appellant gestured toward the vehicle and his shirt rose, revealing "the silver slide of a firearm."

After the confrontation, appellant and his companions tried to follow the white car in a silver Honda, but when traffic impeded them, the silver Honda turned onto Berkeley Avenue. "Approximately a minute or two later," Blakely was shot as the silver Honda drove past him.

Ballistics evidence linked appellant to Blakely's murder, when appellant himself was shot near a McDonald's in Norfolk three weeks after Blakely's death. Restaurant surveillance footage showed a wounded appellant pleading with his friends to take his two firearms. One friend collected the guns with a napkin and attempted to dispose of them on site. When the police recovered the guns and submitted them for forensic analysis, one gun was "a ballistics

match" for the casings recovered near Blakely's shooting. Appellant also could not be eliminated as "a contributor to the DNA profile" found on the gun.

On February 14, 2019, appellant appeared before the trial court to enter his guilty pleas. Before the court accepted his pleas, it engaged him in an extensive colloquy. The court confirmed that appellant fully understood the charges against him and had sufficient time to discuss both any possible defenses with his attorney, and his decision to plead guilty. Appellant also acknowledged that he was forfeiting his right to a jury trial and his right to cross-examine witnesses. He agreed that he had executed a plea agreement and had signed the stipulation of facts. The court reviewed the maximum sentences for the offenses, and appellant stated that he understood the potential punishment he faced. Appellant confirmed that he decided to plead guilty because he wanted to avoid the risk of trial for charges that carried longer sentences than those in the plea agreement. Finally, he confirmed that he was satisfied with his attorney.

After the plea colloquy, the court found that appellant's pleas were entered freely, voluntarily, and intelligently. It ordered a presentence investigation report and continued the case for sentencing. The presentence report, which included the sentencing guidelines, was filed on May 16, 2019. On November 14, 2019, appellant's attorney moved to withdraw as counsel based on an "irreconcilable" conflict with appellant, who wanted his attorney to move to withdraw the guilty pleas. On January 3, 2020, the court entered an order granting defense counsel's motion to withdraw.

The sentencing hearing was continued for appellant to retain new counsel. In March 2020, new counsel was appointed, but because of the COVID-19 pandemic and another change in counsel, the case was continued several times. On July 27, 2022, appellant filed a written motion to withdraw his pleas.

Appellant asserted that, after consulting his current attorney, he had "serious concerns" about the legal advice on which he based his decision to plead guilty. Specifically, he alleged "a lack of communication concerning the elements and proof required for . . . each offense," "the potential defenses to the charges," and "potential [defense] witnesses." Appellant also maintained he had not received "a full explanation of the consequences of conviction" and his guilty pleas were "entered under a misconception of the nature of the charge[s]." Although he did not provide any details, appellant also claimed that his "proffered defense [was] reasonable and not merely dilatory or formal."

The Commonwealth countered that after a plea colloquy, the Court had found that appellant's pleas were made "freely, voluntarily, and intelligently." It also emphasized that, based on the factual stipulation, "substantial" evidence proved his guilt beyond a reasonable doubt. Moreover, although appellant claimed a "lack of communication" with his counsel at the time of his plea, he proffered no evidence supporting his contention. Finally, the Commonwealth argued that the withdrawal of appellant's pleas would be prejudicial because the offenses had occurred several years ago and because the Commonwealth had nolle prossed certain charges and downgraded the murder charge.

At a hearing, appellant testified that he met his attorney immediately before the plea hearing and told him that he wanted to "fight" the charges because he had witnesses who would establish his innocence. Appellant claimed that his former attorney had insisted that he "tak[e] a plea" and told him, "I can't help you." Appellant stated that he signed the plea agreement because he was "scared." He conceded, however, that his former attorney had reviewed the plea agreement with him, as well as the elements of the charged offenses. Appellant argued that he pleaded guilty because he feared his attorney would not help him, despite having "named" witnesses who could establish his innocence. He also stressed that he had entered *Alford* pleas of guilt.

The court concluded that appellant failed to proffer a reasonable basis for contesting guilt and failed to show that he had entered his plea "unadvisedly" merely because he was afraid. The court also found that appellant was not acting in good faith when he moved to withdraw his plea and denied the motion.

ANALYSIS

"The decision whether to allow a defendant to withdraw his plea 'rests within the sound discretion of the trial court and is to be determined by the facts and circumstances of each case.'" *Spencer v. Commonwealth*, 68 Va. App. 183, 186 (2017) (quoting *Parris v. Commonwealth*, 189 Va. 321, 324 (1949)). A trial court's ruling should be reversed "only upon 'clear evidence that [the decision] was not judicially sound.'" *Id.* (alteration in original) (quoting *Jefferson v. Commonwealth*, 27 Va. App. 477, 488 (1988)).

Code § 19.2-296 provides:

> A motion to withdraw a plea of guilty or nolo contendere may be made only before sentence is imposed or imposition of a sentence is suspended; but to correct manifest injustice, the court within twenty-one days after entry of a final order may set aside the judgment of conviction and permit the defendant to withdraw his plea.

The Virginia Supreme Court has held that a trial court should grant a motion to withdraw before sentencing if there is good cause to believe that the plea

> was entered by mistake or under a misconception of the nature of the charge; through a misunderstanding as to its effect; through fear, fraud, or official misrepresentation; was made involuntarily for any reason; or even where it was entered inadvisedly, if any reasonable ground is offered for going to the jury.

*Bottoms v. Commonwealth*, 281 Va. 23, 34 (2011) (quoting *Parris*, 189 Va. at 325). The defendant "has the burden of proof on his motion to withdraw his guilty plea." *Velazquez v. Commonwealth*, 292 Va. 603, 616 (2016). To carry his burden, the defendant must satisfy a two-part test: "first, that the motion is made in good faith, and second, the defense advanced in support of the motion is

reasonable and not merely dilatory or formal."[3]  *Branch v. Commonwealth*, 60 Va. App. 540, 546 (2012).  Here, the court did not abuse its discretion by concluding that appellant failed to carry his burden to establish either requirement.

## I.  Good Faith

A defendant can demonstrate that his motion to withdraw his guilty pleas is made in good faith by showing he "would not have pled guilty but for some external circumstance such as coercion, or poor or erroneous advice from counsel."  *Pritchett v. Commonwealth*, 61 Va. App. 777, 788 (2013).  "The good faith requirement 'protects the integrity of the judicial process by precluding defendants from using a guilty plea as a subterfuge to manipulate the court . . . .'"  *Hubbard v. Commonwealth*, 60 Va. App. 200, 208 (2012) (quoting *Cobbins v. Commonwealth*, 53 Va. App. 28, 34 (2008)).

Here, the record supports the court's conclusion that appellant was not moving to withdraw his guilty plea in good faith.  Although appellant claimed in his written motion that his decision to enter his pleas resulted in part from his attorney's failure to communicate the elements of the offense and the proof required, he admitted during his testimony that his attorney had, in fact, explained the elements of the offenses and had reviewed the plea agreement with him before he entered his pleas.  Based on appellant's conflicting accounts, the court was entitled to disbelieve his explanation and find that his motion to withdraw his pleas was not made in good faith.

## II.  Reasonable Defense

Appellant also failed to offer a reasonable defense in support of his motion.  "A reasonable defense sufficient to withdraw a guilty plea is 'one based upon a proposition of law or one supported by credible testimony, supported by affidavit.'"  *Ramsey v. Commonwealth*, 65 Va. App.

---

[3] "[P]rejudice to the Commonwealth [is] [also] a relevant factor . . . when reviewing a motion to withdraw a guilty plea."  *Small v. Commonwealth*, 292 Va. 292, 298 (2011).

593, 602 (2015) (quoting *Williams v. Commonwealth*, 59 Va. App. 238, 249 (2011)). "[T]he reasonable defense requirement 'defeats motions to withdraw which would result in an essentially futile trial.'" *Hubbard*, 60 Va. App. at 208 (quoting *Cobbins*, 53 Va. App. at 34). A defendant must "proffer[] . . . sufficient facts to support the asserted defense, such that is reasonable to present it to the judge or jury trying the case." *Spencer*, 68 Va. App. at 189 (alterations in original) (quoting *Hernandez v. Commonwealth*, 67 Va. App. 67, 79 (2016)).

Based on the record, the court did not abuse its discretion by concluding that appellant had not presented a reasonable defense. Appellant's stipulation of facts not only placed him in the vehicle from which the shots were fired at the time of the drive-by shooting, it also established that he possessed the firearm that fired the fatal shots. To counter this stipulation, appellant vaguely testified that he had "names" of witnesses who could prove his innocence, but he did not identify the witnesses or proffer their testimony.

## CONCLUSION

The trial court did not abuse its discretion by concluding that appellant failed to meet either the good faith or the reasonable defense requirement for the withdrawal of his pleas. We therefore find no error in the court's ruling and affirm the judgment.

*Affirmed.*