COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:  Judges Beales, Chafin and O'Brien
Argued by teleconference


JONTA RAMSEY

OPINION BY
v.        Record No. 1960-14-1                    JUDGE MARY GRACE O'BRIEN
                                                  DECEMBER 8, 2015
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
John W. Brown, Judge

William Joshua Holder, Assistant Public Defender, for appellant.

Aaron J. Campbell, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Jonta Ramsey ("appellant") challenges his convictions for two felonies after the trial

court refused to allow him to withdraw pleas of guilty to the charges. Appellant was arrested

after his neighbor's house was burglarized. Following plea negotiations in general district court,

he waived his preliminary hearing and appealed a misdemeanor conviction for damage to

property, in violation of Code § 18.2-137, to circuit court. He was then indicted for four felonies

on September 3, 2013: statutory burglary, in violation of Code § 18.2-91; grand larceny, in

violation of Code § 18.2-95; larceny with intent to sell, in violation of Code § 18.2-108.01; and

conspiracy to commit burglary, in violation of Code §§ 18.2-22 and 18.2-91.

On April 11, 2014, appellant entered pleas of guilty pursuant to North Carolina v. Alford,

400 U.S. 25 (1970), to the charges of burglary and grand larceny.[1] The Commonwealth moved

---

[1] When offering an Alford plea of guilty, a defendant asserts his innocence but admits
that sufficient evidence exists to convict him of the offense. See Alford, 400 U.S. at 37-38; see
also Parson v. Carroll, 272 Va. 560, 565, 636 S.E.2d 452, 454-55 (2006) (describing effect of
Alford plea in Virginia). Virginia courts "treat Alford pleas as having the same preclusive effect

to dismiss the remaining three charges by *nolle prosequi* pursuant to a written plea agreement.[2]

On September 18, 2014, appellant moved to withdraw his guilty plea. The court continued the matter until October 9, 2014, and ordered a transcript of the April 11, 2014 plea hearing. On October 9, after considering the transcript as well as additional evidence and argument, the court denied appellant's motion to withdraw his guilty plea and sentenced him to a total of thirteen years of incarceration, with nine years and seven months of the sentence suspended. Appellant alleges that "[t]he trial court erred by denying [his] motion to withdraw his guilty plea." Finding no error, we affirm the court's ruling.

## I. BACKGROUND

"Under well-settled principles of appellate review, we consider the evidence presented at trial in the light most favorable to the Commonwealth, the prevailing party below." Bolden v. Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008). "We also accord the Commonwealth the benefit of all inferences fairly deducible from the evidence." Riner v. Commonwealth, 268 Va. 296, 303, 601 S.E.2d 555, 558 (2004).

At the plea hearing on April 11, 2014, appellant signed an agreed stipulation of facts. The stipulation stated that on May 21, 2013, Tracie Edwards discovered that her home had been burglarized and her laptop computer had been taken. A witness observed appellant and his cousin, Almonta Ramsey, inside Edwards's home. Appellant sold a laptop to a pawn shop on the same day. The laptop was later recovered and identified as the victim's property.

---

as a guilty plea." Perry v. Commonwealth, 33 Va. App. 410, 412, 533 S.E.2d 651, 652 (2000) (citation omitted). As a result, they are often termed "'Alford' pleas of guilty." Malbrough v. Commonwealth, 275 Va. 163, 168, 655 S.E.2d 1, 3 (2008).

[2] Appellant executed a written plea agreement pursuant to Rule 3A:8(c), which differs from a plea and recommendation pursuant to Rule 3A:8(b). In fact, the plea agreement executed by appellant did not provide for an agreed-upon sentence, but left the disposition to the trial court.

Following the stipulation, the court engaged in a plea colloquy with appellant. Appellant confirmed that he fully understood the charges, he had sufficient time to discuss them with his attorney, he had been advised of the elements of the offenses, and he had spoken with his attorney about how he should plead to the charges. He stated that he decided for himself to enter the plea and was doing so freely and voluntarily. The court noticed appellant's hesitation and said, "You were somewhat reluctant to say that you were pleading guilty because you feel you are, in fact, guilty. If you have any reservations in your mind, I want you to express them." Appellant responded, "I feel innocent. I still feel I should hold my innocence, but if there ain't no way, no obvious way for me to prove my innocence, then I have no other choice."

Following a discussion with counsel, the court conducted an Alford plea colloquy with appellant. Appellant confirmed that he was pleading guilty because he felt that the Commonwealth had enough evidence to prove him guilty. He also stated that he had read and signed the stipulation of facts and that the agreed facts were sufficient to establish his guilt. Appellant acknowledged that he had discussed the sentencing guidelines with his attorney and he understood that the court was not required to follow the guidelines, and, in fact, he would "be sentenced at the discretion of the court." He also stated that he understood that he could be sentenced to as much as forty years in the state penitentiary. The court found that appellant's plea was made freely, voluntarily, and intelligently and that he understood the charges and their consequences. The court then found appellant guilty of the two felony offenses. Pursuant to the plea agreement, the remaining charges were *nolle prosequied*.

On September 18, 2014, before he was sentenced, appellant moved to withdraw his guilty plea. He testified that he "took the guilty plea by mistake being that [he] was unsure what to do with [his] case being that [his] lawyer wasn't trying to fight [his] case." Appellant said "I never dealt with anything like this, I didn't understand what I was doing at the time." He asserted that

he did not "want to get some serious jail time" for something he was "not guilty of." The court asked appellant the basis of his defense. Appellant said, "I had possession of the stolen property, but I was not in the house. I never broke in anyone's house."

On October 9, 2014, appellant testified again. He reiterated that he pled guilty because his attorney recommended it, but he did not understand what it meant. He told the court that he did not know that his juvenile record could be used against him. At the time of the plea, he had not told his attorney about his juvenile record because he believed that the record was sealed. According to appellant, when he entered the plea, he thought he would be in a better position for sentencing. He said that he thought he would be sentenced to "strictly probation, something like that." Appellant conceded that he was aware that his cousin, the co-defendant, had been sentenced for his role in the offense.

Defense counsel proffered that he had a witness who would testify that at the time of the offense, appellant was in a vehicle around the corner from the victim's residence. He also proffered that he had other witnesses who he "anticipated" would support appellant's contention that he was unaware that the burglary was occurring, unaware of his cousin's intentions concerning the burglary, and unaware that the laptop he pawned was stolen.

The court denied appellant's motion to withdraw his guilty plea. The court made a finding of fact that the motion was not made in good faith. Finding it "noteworthy" that the co-defendant had been sentenced to serve four years in the penitentiary before appellant moved to withdraw his guilty plea, the court concluded that appellant was more concerned with his potential sentence than his purported innocence. The court also held that appellant did not have a "reasonable defense sustained by proof" and found that the Commonwealth would suffer prejudice if appellant was allowed to withdraw his guilty plea.

## II.  ANALYSIS

### A.  Standard of Review

A trial court's decision to deny a motion to withdraw a guilty plea prior to sentencing is reviewed under an abuse of discretion standard.  Pritchett v. Commonwealth, 61 Va. App. 777, 785, 739 S.E.2d 922, 926 (2013).  The decision "rests within the sound discretion of the trial court and is to be determined by the facts and circumstances of each case."  Parris v. Commonwealth, 189 Va. 321, 324, 52 S.E.2d 872, 873 (1949).  "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred."  Williams v. Commonwealth, 59 Va. App. 238, 246-47, 717 S.E.2d 837, 841 (2011) (quoting Tynes v. Commonwealth, 49 Va. App. 17, 21, 635 S.E.2d 688, 689 (2006)).  "[W]hen a decision is discretionary . . . 'the court has a range of choice, and . . . its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'"  Landrum v. Chippenham & Johnston-Willis Hosps., Inc., 282 Va. 346, 352, 717 S.E.2d 134, 137 (2011) (quoting Kern v. TXO Prod. Corp., 738 F.2d 968, 970 (8th Cir. 1984)).

### B.  Denial of Withdrawal of Guilty Plea

Appellant argues that "[t]he trial court erred by denying [his] motion to withdraw his guilty plea."  We disagree.

Code § 19.2-296 provides that

> [a] motion to withdraw a plea of guilty or nolo contendere may be made only before sentence is imposed or imposition of a sentence is suspended; but to correct manifest injustice, the court within twenty-one days after entry of a final order may set aside the judgment of conviction and permit the defendant to withdraw his plea.

Although this statute does not provide a legal standard for withdrawal of a guilty plea, the guidelines for determining when to allow a defendant to withdraw a guilty plea prior to sentencing were discussed in Parris, 189 Va. 321, 52 S.E.2d 872.  In Parris, the Court ruled that

withdrawal of a guilty plea should be allowed "if it appears from the surrounding circumstances that the plea of guilty was submitted in good faith under an honest mistake of material fact or facts, or if it was induced by fraud, coercion or undue influence and would not otherwise have been made." Id. at 324, 52 S.E.2d at 873. However, while noting that the decision to allow the withdrawal of a guilty plea is discretionary, the Court stated that a trial court should not exercise its discretion "in aid of an attempt to rely upon a merely dilatory or formal defense." Id. at 325, 52 S.E.2d at 874 (quoting Early v. Commonwealth, 86 Va. 921, 924, 11 S.E. 795, 796 (1890)). Therefore, under Parris, a defendant who wishes to withdraw his guilty plea must show that his motion is made in good faith and must proffer that he has a reasonable basis for contesting his guilt.

Additionally, the court should consider whether withdrawal of a guilty plea will result in prejudice to the Commonwealth. Pritchett, 61 Va. App. at 787, 739 S.E.2d at 927.

> [A] motion to withdraw a guilty plea may be appropriately denied where the record indicates that there has been some form of significant prejudice to the Commonwealth. Such prejudice may exist where the record reflects that the Commonwealth has partially or fully fulfilled its obligations in a plea agreement by dismissing or amending charges.

Hubbard v. Commonwealth, 60 Va. App. 200, 211 n.4, 725 S.E.2d 163, 168 n.4 (2012).

### (1) Good Faith

Here, the trial court found that appellant's motion to withdraw his guilty plea was not made in good faith. A trial court's finding on the issue of good faith is a finding of fact, and "we are bound by the trial court's finding[] . . . unless [it was] 'plainly wrong' or without evidence to support [it]." Branch v. Commonwealth, 60 Va. App. 540, 548, 729 S.E.2d 777, 781 (2012) (quoting McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (*en banc*)). In Branch, the defendant sought to withdraw his guilty plea and claimed he was under pressure from his attorneys to plead guilty; otherwise he would receive a more serious sentence.

- 6 -

Id. at 544, 729 S.E.2d at 778.  The trial court's ruling denying the motion was affirmed on appeal.  Id. at 549, 729 S.E.2d at 782.  There was no evidence of mistake or misunderstanding on the defendant's part.  Id. at 548, 729 S.E.2d at 781.  This Court noted that every guilty plea is the product of some influence on a defendant and stated that "'the least influence' and 'fear' cannot include fear of sentencing alone."  Id. at 549, 729 S.E.2d at 782 (quoting Williams, 59 Va. App. at 248, 717 S.E.2d at 841).  Accordingly, in Branch, the defendant did not establish that his motion to withdraw the guilty plea was made in good faith when the court found that he was merely fearful of his possible sentence.

Similarly, the trial court in the case before us found that "the defendant was more concerned about the [sentencing] guidelines and what impact they would have on his sentence than any possible defense . . . and . . . it's just another instance where the defendant changed his mind again."  The trial court reviewed the length of time the case was pending before the guilty plea was entered, the sentence that the co-defendant received for his role in the crimes, and the fact that appellant only sought to withdraw his plea when his sentencing guidelines came back recommending a similar sentence to the co-defendant's sentence.  Therefore, we hold that the appellant did not meet his burden of showing that his motion to withdraw his guilty plea was made in good faith.

(2) Reasonable Defense

Additionally, the court found that the defense proffered by appellant was "not a reasonable defense sustained by proof."  A reasonable defense sufficient to withdraw a guilty plea is "one based upon a proposition of law or one supported by credible testimony, supported by affidavit."  Williams, 59 Va. App. at 249, 717 S.E.2d at 842 (citation omitted).  In the present case, appellant did not attempt to establish his defense on the record by offering credible witness testimony or affidavits.  His attorney merely proffered that appellant had a witness who was in a

- 7 -

car with him during the burglary and an additional, unnamed witnesses who counsel "anticipated" would support appellant's contention that he was unaware of the burglary.

Even if counsel's proffer is accepted as true, it does not establish the "reasonable defense" that is necessary for a finding that the trial court abused its discretion in refusing to allow appellant to withdraw his guilty plea. Appellant did not proffer a defense to the grand larceny charge. Indeed, he acknowledged his possession of and intent to sell the laptop when he stated, "I had possession of the stolen property, but I was not in the house. I never broke in anyone's house. That's the defense, but I did have stolen possession, you know, and intent to sell it." His defense to the burglary charge merely consisted of a proffer of testimony that would contradict the testimony of the Commonwealth's witness who saw him burglarize the house. As we have held, a defense "based solely upon a challenge to the credibility of a victim's testimony" is not a reasonable defense that would warrant withdrawal of a guilty plea. Williams, 59 Va. App. at 249, 717 S.E.2d at 842. Additionally, as the trial court observed, even if the testimony that appellant was in a car outside and not in the residence at the time of the burglary was accepted as true, it could still be evidence of his guilt as a principal in the second degree. See Whitbeck v. Commonwealth, 210 Va. 324, 326-27, 170 S.E.2d 776, 778 (1969) (affirming a conviction for burglary as a principal in the second degree when the accused waited in a getaway car). For all of these reasons, we cannot say that the trial court erred in ruling that appellant did not provide proof of a substantial and reasonable defense to the charges.

### (3) Prejudice to the Commonwealth

The trial court also considered any prejudice that might inure to the Commonwealth by allowing appellant to withdraw his guilty plea. In exchange for the defendant's guilty plea to two felony charges, the Commonwealth moved to *nolle prosequi* two additional felonies and one misdemeanor charge. While it is true that the Commonwealth could reinstate the felony charges,

- 8 -

appellant did not make a motion to withdraw his guilty plea until eighteen months after the offense. The court properly took into account the additional time and expense of re-indicting the defendant as well as any potential difficulty in obtaining necessary witnesses, given the passage of time. Additionally, one of the charges, the misdemeanor offense, could not be reinstated against appellant; it is barred by the one-year statute of limitations. See Code § 19.2-8.[3]

Because the trial court correctly held that appellant's motion to withdraw his guilty plea was not made in good faith, because appellant did not provide any proffer or testimony of a reasonable defense to the charges, and because the Commonwealth could suffer significant prejudice if appellant was allowed to withdraw his guilty plea, we affirm the judgment of the trial court.

III.  CONCLUSION

For the foregoing reasons, the decision of the trial court is affirmed.

Affirmed.

---

[3] In this case, while the Commonwealth did argue that it would be prejudiced if appellant were permitted to withdraw his guilty plea, the Commonwealth did *not* argue that appellant's decision to enter a written plea agreement precluded him from moving to withdraw his guilty plea. This Court has noted that "a defendant's knowing and voluntary pretrial decisions may preclude him from exercising certain rights in the future, including constitutional rights, if they result in prejudice to the Commonwealth or if it will otherwise cause undue delay in the administration of justice." Hubbard, 60 Va. App. at 211 n.4, 725 S.E.2d at 168 n.4. Because neither party argued this issue on appeal, however, we do not address whether a defendant waives the ability to move to withdraw a guilty plea when he enters into a written plea agreement.